UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

JEROME THOMPSON,                )
                                )
            Petitioner,         )
                                )
v.                              )   Case No. 2:12-cv-167-WTL-DKL
                                )
MR. LEVENHAGEN,                 )
                                )
            Respondent.         )

**Entry Discussing Petition for Writ of Habeas Corpus**

Jerome Thompson is a state prisoner who was disciplined in a proceeding identified as No. WCC 10-09-00393, for violating prison rules at the Wabash Valley Correctional Facility by giving or accepting from any person something of value without proper authorization. The evidence favorable to the decision of the hearing officer, *see Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court Awill overturn the . . . [conduct board=s] decision only if no reasonable adjudicator could have found . . . [the petitioner] guilty of the offense on the basis of the evidence presented"), *cert. denied,* 115 S. Ct. 314 (1994), as set forth in the conduct report, is that Thompson admitted in an interview on August 26, 2010, that he collected money for "The Muslims," that offenders would purchase brown or green (tobacco or marijuana) and then try to go to protective custody without paying. Thompson then admitted to giving or accepting from any person anything of value without proper authorization.

Contending that the proceeding was constitutionally infirm, Thompson now seeks a writ of habeas corpus. His specific contentions are that he was denied due process because: (1) he

was denied evidence; (2) the hearing officer was not impartial; and (3) there were violations of Indiana Department of Correction ("DOC") policies.

The writ Thompson seeks can be issued only if the court finds that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Because he has not made such a showing, his petition for a writ of habeas corpus must be denied. The reason for this disposition is that the pleadings and the expanded record show that (1) the procedural protections required by *Wolff v. McDonnell,* 418 U.S. 539 (1974), were provided, (2) there was at least "some evidence" to support the decision of the hearing officer as required by *Superintendent of Walpole v. Hill,* 472 U.S. 445 (1985), and (3) the proceedings were not otherwise tainted by prejudicial error.

Thompson's arguments that he was denied the protections afforded by *Wolff* and *Hill* are either refuted by the expanded record or based on assertions which do not entitle him to relief.

- As to his first claim that he was denied evidence, the expanded record shows that during the screening process Thompson requested a witness statement from Officer Mapps, the interview tape and a video tape. Officer Mapps provided a statement. The video did not exist due to the location of the incidents at issue. Only the hearing officer listened to the interview tape due to institutional security concerns and the hearing officer concluded that the interview supported the conduct report. The fact that some evidence was considered outside Thompson's presence did not violate his due process rights. *White v. Indiana Parole Board,* 266 F.3d 759, 767 (7th Cir. 2001) ("prison disciplinary boards are entitled to receive, and act on, information that is withheld from the prisoner and the public").

- Thompson's next claim is that his hearing officer was not impartial. An inmate facing disciplinary charges has a right to due process that includes an impartial decision-maker. *Wolff,* 418 U.S. at 571; *Pannell v. McBride,* 306 F.3d 499, 502 (7th Cir. 2002). Thompson claims that right was violated here. His contention is that the screening officer was also the hearing officer. A prison official who is "directly or substantially involved in the factual events underlying the disciplinary charges, or the investigation thereof," may not adjudicate those charges. *Piggie v. Cotton,* 342 F.3d 660, 667 (7th Cir. 2003); accord *Whitford v. Boglino,* 63 F.3d 527, 534 (7th Cir. 1995). But the constitutional standard for establishing impermissible bias is high. *Piggie,* 342 F.3d at 666. It is undisputed that hearing officer Chapman did not play a disqualifying role in the incident--that is, she did

not author the conduct report, she was not a witness to the events associated with the charge, and she was not a screening officer who notified Thompson of his procedural rights in connection with the charge. The screening officer was an individual with the initials A.P. and the hearing officer was Chapman. Thompson is therefore not entitled to a writ of habeas corpus based on this claim.

! Thompson's final claim is that DOC policies and time frames were violated. The premise of this theme has been soundly rejected. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)(AFederal habeas corpus relief does not lie for errors of state law@ because Ait is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.@). The mere violation of a prison policy does not support even a cognizable claim under ' 2254. *Evans v. McBride*, 94 F.3d 1062 (7th Cir. 1996); *Colon v. Schneider,* 899 F.2d 660, 672-73 (7th Cir. 1990); *see also Del Vecchio v. Illinois Dept. of Corrections,* 31 F.3d 1363, 1370 (7th Cir. 1994)(habeas corpus jurisdiction is limited to evaluating alleged violations of federal statutory or constitutional law), *cert. denied*, 516 U.S. 983 (1995).

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Thompson to the relief he seeks. Accordingly, Thompson=s petition for a writ of habeas corpus must be denied and the action dismissed. Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 4/24/13

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Jerome J. Thompson
DOC #113588
Wabash Valley Correctional Facility
6908 S. Old US Highway 41
P.O. Box 1111
Carlisle, IN 47838-1111

Electronically Registered Counsel